# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY<br>1240 West 6th Street<br>Cleveland, Ohio 44113<br><br>    Plaintiff,<br><br> v.<br><br>MORRISH-WALLACE CONSTRUCTION, INC. D/B/A RYBA MARINE CONSTRUCTION CO.<br>c/o Zachary W. Morrish, Statutory Agent<br>629 N. Main<br>Cheboygan, MI 49721<br><br>  and<br><br>JOHN DOES 1 THROUGH 3 (names and addresses unknown, but who were the captain and crew members aboard the M/V "THOMAS R. MORRISH" on November 17, 2016 at or about 11:55 p.m.)<br><br>  And<br><br>ABC CORPORATIONS 1 THROUGH 3 (names and addresses unknown, but which entities employed or supplied the captain and crew members aboard the M/V "THOMAS R. MORRISH" on November 17, 2016 at or about 11:55 p.m.<br><br>  Defendants. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT** |

Now comes Plaintiff Greater Cleveland Regional Transit Authority ("GCRTA"), by and through counsel, and for its Complaint against Defendants Morrish-Wallace Construction, Inc. d/b/a Ryba Marine Construction Co., John Does 1 through 3 and ABC Corporations 1 through 3, hereby states as follows:

## PARTIES

1. Plaintiff GCRTA is a regional transit authority and a political subdivision of the State of Ohio, created pursuant to Ohio Revised Code § 306.31. GCRTA's principal place of business is situated in Cuyahoga County, Ohio.

2. Defendant Morrish-Wallace Construction, Inc. is a for-profit corporation formed and existing under the laws of the state of Michigan and whose principal place of business is located in Cheboygan, MI.

3. Defendant Morrish-Wallace Construction, Inc. regularly conducts business in Ohio under the assumed name of Ryba Marine Construction Co. (hereinafter, "Ryba Marine").

4. Ryba Marine is the owner of the M/V THOMAS R. MORRISH, a tug boat, and the barge CT252.

5. Defendant John Doe 1 is a natural person whose name and address is currently unknown, despite GCRTA's reasonable efforts to identify him. John Doe 1 was the captain or master of the THOMAS R. MORRISH on November 17, 2016 at or about 11:55 p.m.

6. Defendant John Doe 2 is a natural person whose name and address is currently unknown, despite GCRTA's reasonable effort identify him. Upon information and belief,

John Doe 2 was a crewmember of the THOMAS R. MORRISH on November 17, 2016 at or about 11:55 p.m.

7. Defendant John Doe 3 is a natural person whose name and address is currently unknown, despite GCRTA's reasonable efforts to identify him. John Doe 3 was a crewmember of the THOMAS R. MORRISH on November 17, 2016 at or about 11:55 p.m.

8. ABC Corporations 1 through 3 are corporations, limited liability companies, limited liability partnerships, partnerships and/or another such entity that employed John Does 1 through 3 (collectively the "Crew") and supplied their services to the THOMAS R. MORRISH on November 17, 2016. The names and addresses of ABC Corporations 1 through 3 are currently unknown, despite GCRTA's reasonable efforts to identify them.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333(1) because the matter in controversy constitutes an admiralty claim for property damage that occurred on navigable waters and arises from Defendants' negligent provision of maritime services and/or their negligent navigation of those waters.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred on navigable waters within the Northern District of Ohio (*i.e.*, the Cuyahoga River near the Union Viaduct Terminal).

11. This Court has personal jurisdiction over Defendants under sections (A)(1) through (4) of Ohio's long-arm statute, R.C. § 2307.382. The exercise of personal jurisdiction over Defendants comports with due process considerations because

Defendants purposefully availed themselves of the privilege of acting in Ohio; (2) GCRTA's cause of action arose from Defendants' activities in Ohio; and (3) the consequences of Defendants' acts and omissions were detrimental to GCRTA, a political subdivision of the state of Ohio.

## **FACTS**

12. On or about November 17, 2016 at approximately 8:00 p.m., the United States towing vessel, THOMAS R. MORRISH, left Arcelor-Mittal in Cleveland, Ohio, pushing barge CT 252, which barge was fully loaded with dredge spoils.

13. The vessels were headed down the Cuyahoga River toward the confined disposal facility located inside the East Basin of Cleveland's Inner Harbor.

14. The currents of the Cuyahoga River are well-known to those in the maritime industry to be highly dynamic, particularly in fall and winter.

15. Regularly updated information pertaining to Cuyahoga River currents is publicly-available from PORTS® and/or other sources.

16. Although the Crew knew that the river's dynamic currents could pose a serious risk to their safe navigation, the Crew never consulted available data to assess the current.

17. At or about 11:55 p.m., the Columbus Road Bridge was opened and the Crew began maneuvering the vessels through it.

18. While under the bridge, the vessel attempted to turn. Due to the dynamic river current and the speed of the vessels, the bow of the barge did not swing quickly enough to make the turn and the Crew's efforts to increase the turning rate and slow the vessels was unsuccessful.

19. The bow of the barge allided with and severely damaged the west fender of the Union Terminal Viaduct.

20. The Union Terminal Viaduct and the protective west fender is owned by GCRTA.

## COUNT ONE – – COMMON LAW NEGLIGENCE

21. GCRTA incorporates by reference the foregoing allegations contained in Paragraphs 1 through 20 of the Complaint.

22. At all times relevant to this Complaint, the Crew of the THOMAS R. MORRISH had a duty to exercise reasonable care and that degree of maritime skill that prudent navigators employ in similar circumstances.

23. John Does 1 through 3 breached their respective duties of care by, among other things: failing to check and re-check available river current data, failing to maintain a proper lookout, failing to proceed at a reasonable speed under the circumstances, and failing to discover the conditions and circumstances under which the tug was operating.

24. The negligence of John Does 1 through 3 proximately caused the barge's allision with the west bank fender of the Union Terminal Viaduct and resulted in more than $500,000.00 worth of damage to GCRTA's property.

## COUNT TWO -- NEGLIGENT FAILURE TO MAINTAIN PROPER LOOK-OUT
## (Inland Navigational Rule 5)

25. GCRTA incorporates by reference the foregoing allegations contained in Paragraphs 1 through 24 of the Complaint.

26. With respect to their navigation of the Cuyahoga River, John Does 1 through 3 were required to know and abide by the Inland Navigational Rules.

27. Rule 5 of the Inland Navigational Rules (33 C.F.R. § 83.05) requires that a vessel must, at all times, maintain a proper look-out by sight and hearing as well as by all available means appropriate in the prevailing circumstances and conditions so as to make a full appraisal of the situation and the risk of collision.

28. Defendants violated Rule 5 because the Crew failed to assess the prevailing circumstances and conditions on the night in question and failed to maintain a proper look-out.

29. As a proximate result of Defendants' failures to assess the prevailing circumstances and conditions and maintain a proper look-out, the barge towed by the THOMAS R. MORRISH allided with the west bank fender of the Union Terminal Viaduct and caused in excess of $500,000.00 in damage to GCRTA's property.

### COUNT THREE – NEGLIGENT FAILURE TO PROCEED AT SAFE SPEED
### (Inland Navigational Rule 6)

30. GCRTA incorporates by reference the foregoing allegations contained in Paragraphs 1 through 29 of the Complaint.

31. Rule 6 of the Inland Navigational Rules (33 C.F.R. § 83.06) requires every vessel to proceed at a safe speed that permits a vessel to take proper and effective action to avoid collision and be stopped within a distance appropriate to the prevailing circumstances and conditions. In determining a safe speed, vessels are required to take into account, among other things: visibility, the vessel's maneuverability with special reference to stopping distance and turning ability in the prevailing conditions, the current, and the proximity of navigational hazards.

32. The Crew failed to proceed at a safe speed given the prevailing circumstances and conditions, not least of all because they failed to ascertain the prevailing circumstances and conditions.

33. As a proximate result of the Crew's failure to assess the prevailing circumstances and conditions and proceed at a safe speed, the barge towed by the THOMAS R. MORRISH allided with the west bank fender of the Union Terminal Viaduct and caused in excess of $500,000.00 in damage to GCRTA's property.

**COUNT FOUR – RESPONDEAT SUPERIOR LIABILITY OF RYBA MARINE**

34. GCRTA incorporates by reference the foregoing allegations contained in Paragraphs 1 through 33 of the Complaint.

35. Upon information and belief, John Does 1 through 3 were employees and/or agents of Ryba Marine and were, at all times relevant to the Complaint, acting within the scope of their employment or agency.

36. Under the common law doctrine of respondeat superior, Ryba Marine is liable for the negligence of John Does 1 through 3.

**COUNT FIVE – RESPONDEAT SUPERIOR LIABILITY OF ABC CORPORATIONS 1 THROUGH 3**

37. GCRTA incorporates by reference the foregoing allegations contained in Paragraphs 1 through 36 of the Complaint.

38. If one or more of John Does 1 through 3 were not employees and/or agents of Ryba Marine, then one or more of John Does 1 through 3 were employees and/or agents of Defendants ABC Corporations 1 through 3; were acting within the scope of their respective employment or agency with Defendants ABC Corporations; and were provided

by Defendants ABC Corporations to operate the THOMAS R. MORRISH on November 17, 2016.

39. Under the common law doctrine of respondeat superior, Defendants ABC Corporations 1 through 3 are liable for the negligence of their respective employees and/or agents, John Does 1 through 3.

## **COUNT SIX – PUNITIVE DAMAGES**

40. GCRTA incorporates by reference the foregoing allegations contained in Paragraphs 1 through 39 of the Complaint.

41. Any competent seaman would have recognized that he was taking an obvious and unreasonable safety risk by getting underway on the Cuyahoga River during fall without ascertaining the prevailing conditions (including without limitation, the river current).

42. By failing to ascertain the prevailing conditions (including without limitation, the river current), Defendants were reckless.  That is, they created -- and proceeded in conscious disregard of -- a high degree of risk of harm to persons and property on and along the river.

43. Their recklessness did in fact result in more than $500,000.00 worth of property damage to GCRTA.

44. Defendants should be penalized for their recklessness so that they and others might be deterred from exhibiting similar disregard for the safety of persons and property.

WHEREFORE, Plaintiff GCRTA respectfully requests judgment against Defendants, individually and/or jointly and severally, for compensatory damages in an

amount not less than $555,826.74, plus pre-judgment and post-judgment interest at the prime rate (compounded annually) measured from the date of the allision, and punitive damages in an amount equal to GCRTA's compensatory damages.

        Respectfully submitted,

        SHERYL KING BENFORD (Reg. No. 0034299)
        General Counsel-Deputy GM for Legal Affairs

BY:    *Kathleen M. Minahan*
        KATHLEEN M. MINAHAN (0064989)
        Attorney for Plaintiff GCRTA
        6th Floor, Root-McBride Building
        1240 W. 6th Street
        Cleveland, Ohio 44113
        Telephone:  (216) 356-3096
        Facsimile:   (216) 350-5296
        E-Mail: kminahan@gcrta.org